Michael L. Mallow, SBN 188745
mmallow@sidley.com
Mark D. Campbell, SBN 180528
mcampbell@sidley.com
Darlene M. Cho, SBN 251167
dcho@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013

Attorneys for Defendant
American Honda Motor Co., Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES R. MCKOWN AND MARGARET J. MCKOWN, individually and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN HONDA MOTOR COMPANY, INC.,<br><br>Defendant. | Case No. 2:17-cv-00204 R (JCx)<br><br>Assigned to: Hon. Manuel L. Real<br><br>**DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**<br><br>Date: April 3, 2017<br>Time: 10:00 a.m.<br>Location: U.S. District Court<br>255 East Temple Street<br>Los Angeles, CA 90012<br>Courtroom: Courtroom 880, 8th Floor<br><br>[Filed concurrently with Memorandum of Points and Authorities; [Proposed] Order]<br><br>Complaint Filed: January 10, 2017 |

# NOTICE OF MOTION AND MOTION TO DISMISS
## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 3, 2017 at 10:00 a.m., or as soon thereafter this matter may be heard, before the Honorable Manuel L. Real, in Courtroom 880, of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, CA 90012, Defendant American Honda Motor Co., Inc. ("AHM" or "Defendant") will and hereby does move pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing all claims alleged in the Complaint filed by Plaintiffs James McKown and Margaret McKown (collectively, "Plaintiffs") on the following grounds:

1.  Because Plaintiffs do not allege that they purchased their vehicles in California, they do not have viable claims under California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et seq.* (the "Song-Beverly Act") (Counts VI and VII);

2.  Plaintiffs' individual claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL") (Count IV), California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA") (Count V), California Commercial Code § 2313 (Count VIII), and California Commercial Code § 2314 (Count IX) are not viable and must be dismissed because Plaintiffs' claims should be governed under Kansas law under California's conflict-of-law principles, consistent with *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 594 (9th Cir. 2012);

3.  Plaintiffs' claim for violation of the Kansas Consumer Protection Act, Kan. Stat. § 50-617 *et seq.* ("Kansas CPA") (Count X) fails because it fails to meet the level of specificity required by Rule 9(b) of the Federal Rules of Civil Procedure and the complaint otherwise fails to state a cause of action under Kan. Stat. § 50-626(b)(2) or (3);

4.  Plaintiffs' claims for breach of the limited, express 3-year/36,000-mile New Vehicle Limited Warranty ("NVLW") (Counts VIII and XI), which Plaintiffs

1
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
220289800

attached and incorporated by reference in their Complaint, fail because Plaintiffs' allegations establish that their claims are based on a "design" issue and not a defect in "material or workmanship;"

5. Plaintiffs' claim for breach of the NVLW fails because the failure of any part due to "acts of nature" is excluded from coverage and Plaintiffs' claim for breach of the implied warranty of merchantability fails as a matter of law under California and Kansas law because it is inconsistent with and therefore displaced by the applicable NVLW;

6. Plaintiffs' claims for breach of express warranty (Count II) and for breach of the implied warranty of merchantability (Count III) pursuant to the "Uniform Commercial Code" must be dismissed because they are superfluous and redundant of other causes of action alleged by Plaintiffs;

7. Plaintiffs' claim for unjust enrichment (Count XIII) fails to state a cause of action;

8. Plaintiffs' claim for relief under the Declaratory Relief (Count XIV) must be dismissed because it is superfluous and redundant of other causes of action alleged by Plaintiffs; and

9. Because Plaintiffs fail to allege a viable state law warranty claim, Plaintiffs' claim for violation of the Federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("Magnuson-Moss") (Count I) must also be dismissed.

Given that any amendment to Plaintiff's individual Song-Beverly claims (Counts VI and VII), the UCL claim (Count IV), the CLRA claim (Count V), claims for breach of express warranty (Counts II, VIII, and XI) and breach of the implied warranty of merchantability (Counts III, IX, and XII) would be futile because Plaintiffs allege facts that establish as a matter of law that they have no claims and additional allegations would not remedy the deficiencies in pleading, the dismissal of these claims should be with prejudice.

This Motion is based upon this Notice of Motion and Motion, the following

1  Memorandum of Points and Authorities, any Reply Memorandum submitted by
2  Defendant, the pleadings and filings in this action, any additional matter of which the
3  Court may take judicial notice, and such further evidence or argument as may be
4  presented before or at the hearing on this Motion.

6  Dated: March 6, 2017              SIDLEY AUSTIN LLP
                                     Michael L. Mallow
7                                    Mark D. Campbell
                                     Darlene M. Cho

                                     By: /s/ *Michael L. Mallow*
9                                        Michael L. Mallow
                                         Attorneys for Defendant
10                                       AMERICAN HONDA MOTOR CO.,
                                         INC.