JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. MCKOWN AND MARGARET J. MCKOWN, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC.,<br><br>　　　　　　Defendant. | CASE NO. CV 17-204-R<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT |

　　Before the Court is Defendant American Honda Motor Company, Inc.'s ("AHMC") Motion to Dismiss Plaintiffs' First Amended Class Action Complaint which was filed on April 10, 2017. (Dkt. No. 35). Having been thoroughly briefed by both parties, this Court took the matter under submission on May 9, 2017.

　　Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper when a complaint exhibits either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts

1  to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of
2  what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570.  The plaintiff
3  must plead factual content that allows the court to draw the reasonable inference that the defendant
4  is liable for the misconduct alleged.  *Iqbal,* 556 U.S. at 678.  Courts will not accept "threadbare
5  recitals of the elements of a cause of action, supported by mere conclusory statements. . . ." *Id*.
6  "All allegations of material fact are taken as true and construed in the light most favorable to the
7  nonmoving party." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation
8  omitted).

9  Plaintiffs allege that they purchased two pre-owned Honda Accords in 2016.  On February
10 6, 2016, Plaintiffs purchased a 2014 Honda Accord from an authorized Honda dealer in Olathe,
11 Kansas.  On March 19, 2016, Plaintiffs purchased a 2013 Honda Accord from an authorized dealer
12 in Overland Park, Kansas.  Plaintiffs allege that within less than 12 months, both of their Accords
13 were rendered inoperable due to rodents chewing through wiring in the fuel lines and the
14 transmission harness.  All told, the two Accords were damaged on three occasions.  After each
15 incident, the Honda dealerships told the Plaintiffs that the damage was not covered by warranty so
16 the Plaintiffs paid for the repairs.  The theory of Plaintiffs' putative nationwide class action claims
17 is that the soy-based "components and parts" in AHMC's 2012-2017 model year vehicles attracts
18 rodents which eat and destroy the components and parts causing substantial economic damage.

19 The First Amended Complaint ("FAC") asserts the following causes of action: (1)
20 violation of the Magnusson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*; (2) violations of the
21 California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (3) violations of the
22 Consumers Legal Remedies Act, Cal. Bus. & Prof. Code §§ 1750 *et seq*.; (4) breach of express
23 warranty, Cal. Com. Code § 2313; (5) breach of the implied warranty of merchantability, Cal.
24 Com. Code § 2314; (6) violation of the Kansas Consumer Protection Act, Kan. Stat. Ann. § 50-
25 617 *et seq*.; (7) breach of express warranty, Kan. Stat. Ann. § 84-2-313; (8) breach of the implied
26 warranty of merchantability, Kan. Stat. Ann. § 84-2-314; (9) unjust enrichment and restitution;
27 and (10) declaratory relief as an alternative pleading.
28 Defendant's first argument for dismissal is that the FAC fails to give fair notice of the

1   basis for Plaintiffs' claims.  Plaintiffs claim that "the Class Vehicles suffer from defective
2   components and parts in that the components and parts are coated with soy based insulation and
3   other soy-based products."  (FAC ¶2).  While Plaintiffs do identify the specific parts of their
4   Honda Accords which were damaged by rodents, they do not limit their claims to those parts
5   alone.  The amount of components and parts in a vehicle is exceedingly large.  Obviously that
6   number grows when considering every model produced over a span of five years.  With such
7   minimal information relating to the location and scope of the alleged defect, AHMC is left to
8   guess as to the basis of Plaintiffs' claims.

9       In opposition, Plaintiffs argue that "Defendant has access to the documents that would
10  explain what other parts or components are made with soy-based materials" and therefore, the
11  FAC should be permitted to stand to allow Plaintiffs to discover these documents.  This argument
12  fails for two reasons.  First, "the doors of discovery" are not unlocked for a plaintiff by the
13  assertion of conclusory pleadings.  *Iqbal*, 556 U.S. at 678-79.  Here, Plaintiffs did allege factual
14  underpinnings for their claims based on the damages they suffered, but their attempt to expand
15  their claims to all components and parts coated or made with soy renders those allegations
16  conclusory and fails to give Defendant fair notice of the grounds upon which their claims rest.
17  Second, even assuming it is possible for AHMC to review their documents and determine which
18  components and parts in each model produced between 2012 and 2017 contain soy, it is not clear
19  that such a review would reveal the specific defect alleged by Plaintiffs.  The defect as alleged is
20  not simply the use of soy-based components and parts, but rather those "that attract rodents and
21  other pests which eat and destroy" them.  Armed with only the knowledge of which components
22  and parts contain soy, Defendant would not know whether rodents can access those components
23  and parts.  Defendant would not know whether rodents can chew and destroy every component
24  and part that contains soy.  As such, Defendant does not know what components and parts are
25  allegedly defective.
26  ///
27  ///
28  ///

**IT IS HEREBY ORDERED THAT** Defendant's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint is GRANTED.

Dated: July 11, 2017.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE